**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**JARED KEITH DUNKIN**                                              **PLAINTIFF**

**V.**                    **CASE NO. 1:11CV00010 JMM**

**RICK MORALES,** *et al.*                                           **DEFENDANTS**

<u>**ORDER**</u>

**I.**      **Introduction:**

Jared Keith Duncan, a pre-trial detainee at the Jackson County Detention Center, filed this action pro se under 42 U.S.C. § 1983. (Docket entry #2) Plaintiff alleges that he has been falsely imprisoned based on a false arrest. Plaintiff also claims that he has been held on an "unconstitutional and excessive bond" since December 2, 2010.[1] Plaintiff names as Defendants members of the Diaz Police Department and the Jackson County Sheriff's Department and seeks monetary damages. The Court recommends that Plaintiff's claims be dismissed without prejudice.

**II.**      **Discussion:**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by

---

[1] In his complaint, Plaintiff also mentions that the Defendants denied his request to speak with an attorney before participating in a police interrogation. To the extent that Plaintiff claims that such conduct constitutes a violation under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966), the remedy for such a violation is the exclusion from evidence any compelled self-incrimination. Section 1983 "does not provide a remedy for a violation of *Miranda*." *Hannon v. Sanner*, 441 F.3d 625, 636 (8th Cir. 2006).

the United States Constitution or by federal law. 42 U.S.C. § 1983. Although "detailed factual allegations are not required," a complaint must include enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, __ U.S. __, 129 S.Ct. at 1940. Pro se complaints are construed liberally, but they still must allege "sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

    A.    False Arrest

Here, Plaintiff's false-arrest claim is barred under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 59 (1971). The *Younger* doctrine provides that federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. See *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). Because Plaintiff's state criminal case is still pending, "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Younger*, 401 U.S. at 56. Although a narrow exception to the *Younger* abstention doctrine exists when a criminal prosecution is initiated "to retaliate

for or discourage the exercise of constitutional rights," no such bad faith is apparent here. See *Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988). Further, Plaintiff has not alleged that the state court proceeding will not provide him with an adequate opportunity to raise his federal constitutional claims.

In *Wallace v. Kato*, 549 U.S. 384, 392 (2007), the United States Supreme Court reaffirmed its commitment to the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."

In *Wallace*, the Court explained that

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. See [*Heck v. Humphrey*, 512 U.S.], at 487-488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584; *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

*Wallace*, 549 U.S. at 393-94.

Accordingly, the Court will abstain from hearing Plaintiff's false arrest claim, and this claim is stayed and administratively terminated. See *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598 (8th Cir. 1999) (stay rather than dismissal appropriate when damages are sought and court is not being asked to declare a state statute unconstitutional). Plaintiff may file a motion to reopen this case after the state proceedings are concluded.

### B. False Imprisonment

Plaintiff also claims that he has been falsely imprisoned. The Eighth Circuit has held that "false imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which protects only against deprivations of liberty accomplished without due process of law." *King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998), cert. denied, 525 U.S. 1002 (1998) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979)) (internal quotation marks omitted). Because Plaintiff's claim for monetary relief for false imprisonment does not arise under the United States Constitution or a federal statute, he has not stated a claim for relief under 42 U.S.C. § 1983. The Court declines to exercise jurisdiction over this remaining state-law claim. See 28 U.S.C. § 1367 (c)(3).

### C. Excessive Bond

Plaintiff claims that he has been held "under an unconstitutional and excessive bond." He fails, however, to name as a party Defendant the judge responsible for setting his bond. Further, even if Plaintiff had named the judge as a party Defendant, "[j]udges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). Because the judge was acting in her official capacity when she set Plaintiff's bond, she is entitled to absolute immunity from suit.

## III. Conclusion:

Plaintiff's claims are administratively terminated. If Plaintiff seeks to pursue either his false arrest or his false imprisonment claim after the state proceedings have

concluded, he may file a motion to reopen this case.

IT IS SO ORDERED this  22  day of   February , 2011.

_____
UNITED STATES DISTRICT JUDGE